Seth W. Wiener (California State Bar No. 203747)
LAW OFFICES OF SETH W. WIENER
609 Karina Court
San Ramon, CA 94582
Telephone: (925) 487-5607
Email: sethwiener@yahoo.com

Attorneys for Plaintiff
MARILYN D. MINTZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN D. MINTZ,<br><br>        Plaintiff,<br><br>    v.<br><br>SUBARU OF AMERICA, INC.; AND DOES 1 TO 10, INCLUSIVE,<br><br>        Defendants. | CASE NO.: 16-3384<br><br>**PLAINTIFF MARILYN D. MINTZ'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.     Plaintiff Marilyn D. Mintz ("Plaintiff" or "Mintz") for her Complaint against Defendants Subaru of America, Inc. ("Subaru"), and Does 1 to 10, inclusive (collectively with Subaru, the "Defendants"), hereby makes the allegations below.

**PARTIES**

2.     Marilyn D. Mintz is an internationally known artist and writer, and resides in the Northern District of California.

3.     Plaintiff alleges on information and belief that Defendant Subaru of America, Inc. is a corporation incorporated under the laws of the State of New Jersey, with its principal place of business in the State of New Jersey.

-1-

Complaint

4.	Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1 to 10, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

5.	At all times relevant herein, and at the time of the transactions complained of, each of the Defendants were the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency.

## JURISDICTION AND VENUE

6.	The Court has subject matter jurisdiction over this pursuant to 28 U.S.C. § 1331, 1332, 1338 and 1367 because the action arises under the Lanham Act (15 U.S.C. § 1051, *et seq.*) and the Copyright Act (17 U.S.C. §§ 101, *et seq.*), and because Plaintiff and Defendants are citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

7.	Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS

8.	Mintz is the owner of multiple registered trademarks, including for more than twenty years, in many classes, including signs, labels, name labels, and prints, the following trademarks: (1) "HEART ON HAND", United States Patent and Trademark Office, Registration Numbers 1,881,772, 1,985,490, and 3,596,910; and (2) "A WORLD OF LOVE, FOR YOU AND THOSE YOU LOVE", United States Patent and Trademark Office, Registration Number 2,344,685. Said trademarks are famous and have been widely used in commence for more than ten years. Additionally through extensive and continuous use, Plaintiff has established common law trademark rights in the "HEART ON HAND" and "A WORLD OF LOVE, FOR YOU AND THOSE YOU LOVE" slogans and logos. The foregoing registered and unregistered trademarks are collectively referred to herein as the "Trademarks").

9.	Mintz is also the owner of multiple registered copyrights, including the following copyrights with the following registration numbers: VA0000631901 (Registered: 1993-12-30); VA0000997394 (Registered: 1995-05-09); VA0000724292 (Registered: 1995-09-28; VA0000772360 (Registered: 1996-03-21); VA0000821870 (Registered: 1996-11-18); VA0000826739 (Registered:

Complaint

1996-12-11); VA0000941948 (Registered: 1998-09-08); VA0000943353 (Registered: 1998-10-06); VA0001123212 (Registered: 2002-03-26); VA0001153810 (Registered: 2002-09-19); VA0001158197 (Registered: 2002-09-25); VA0001164889 (Registered: 2002-11-26); VA0001387685 (Registered: 2004-12-28; VA0001314772 (Registered: 2005-05-31); VA0001334741 (Registered: 2005-12-29); VA0001403416 (Registered: 2007-02-16); VA0001414122 (Registered: 2007-05-31); VA0001429848 (Registered: 2007-10-29); VA0001727639 (Registered: 2008-11-06); VA0001432736 (Registered: 2009-05-25; VA0001432746 (Registered: 2010-12-16); VA0001815454 (Registered: 2011-08-16) VA0001868683 (Registered: 2012-08-08); VA0001433881 (Registered: 2013-08-13).

10. Mintz has used the Trademarks and Copyrights in interstate commerce.

11. Mintz's success has made her the target of unscrupulous parties, like Defendants, who have used her Trademarks and/or Copyrights to sell various goods and services without Mintz's consent.

12. Specifically, on multiple occasions in the past several years, Subaru caused to be published an advertisement for a "SUBARU share the love EVENT" that used the Trademarks and Copyrights to promote the sale of Subaru's vehicles.

13. Plaintiff has no relationship with Defendants and never authorized Defendants or Defendants' employees or agents to use her Trademarks or Copyrights.

14. Plaintiff has requested that Subaru cease and desist from the use of her Trademarks and Copyrights, and Subaru has ignored said requests.

15. Plaintiff alleges on information and belief that Defendants directly profit from using Plaintiff's Trademarks and Copyrights, passing off Defendants' goods and services as authorized by Plaintiff, confusing consumers as the source of Defendants' goods and services, and from other infringing activity.

16. Plaintiff alleges on information and belief that Defendants have and continues to cause irreparable harm to Plaintiff's reputation and goodwill by using the Trademarks and Copyrights to sell their goods and services. By doing so, Defendants have undermined Plaintiff's business and professional reputation, and are causing irreparable harm.

## FIRST CAUSE OF ACTION

## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK

Complaint

17. Plaintiff incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

18. Defendants, without authorization, have used and are using Plaintiff's registered Trademarks in Defendants' attempt to fraudulently sell their goods and services.

19. Defendants' use of Plaintiff's registered Trademarks is in violation and derogation of Plaintiff's federal trademark rights and is likely to cause confusion, mistake, and deception among consumers and the public as to the source, origin, sponsorship or quality of Defendants' goods and services, thereby causing loss, damage, and injury to Plaintiff and the purchasing public.

20. As a result of Defendants' acts, Defendants are liable to Plaintiff under the Lanham Act § 43, 15 U.S.C. § 1114.

21. Defendants knew, or are deemed to be on notice, of Plaintiff's rights by virtue of the federal registration of Plaintiff's registered Trademarks.

22. Defendants' wrongful and fraudulent acts have permitted or will permit it to profit from the strength of Plaintiff's advertising, sales and consumer recognition and Plaintiff's registered Trademarks.

23. Defendants' conduct has been and is knowing, deliberate, willful, intended to cause mistake or to deceive, and in disregard of Plaintiff's rights in Plaintiff's registered Trademarks.

24. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been and will be deprived of the value of Plaintiff's registered Trademarks as a commercial asset.

25. In addition to other relief, Defendants' violation of Lanham Act § 32(1)(a) entitles Plaintiff to an award of three times its actual damages or profits of the Defendants, whichever is greater, together with reasonable attorneys' fees, pursuant to Lanham Act § 35(b), 15 U.S.C. § 1117.

26. Defendants' acts irreparably harm Plaintiff's registered Trademarks and goodwill, and will continue to do so unless enjoined. Plaintiff has no adequate remedy at law for Defendants' violations of Plaintiff's rights.

## SECOND CAUSE OF ACTION

## DILUTION BY TARNISHMENT OF FEDERALLY REGISTERED TRADEMARK

Complaint

27. Plaintiff incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

28. Plaintiff's registered Trademarks are famous because they are widely recognized by the general consuming public of the United States as a designation of source of the goods or services of Plaintiff.

29. Defendants' use of Plaintiff's registered Trademarks are likely to tarnish and dilute the registered Trademarks due to an association arising from Defendants' fraudulent objectives, thus harming the reputation of the Plaintiff's famous Trademarks.

30. As a result of Defendants' acts, Defendants are liable to Plaintiff under the Trademark Dilution Revision Act, 15 U.S.C. § 1125.

31. Defendants' acts irreparably harm Plaintiff's registered Trademarks and goodwill, and will continue to do so unless enjoined. Plaintiff has no adequate remedy at law for Defendants' violations of Plaintiff's rights.

## THIRD CAUSE OF ACTION
## FEDERAL UNFAIR COMPETITION

32. Plaintiff incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

33. Defendants' use of the registered Trademarks constitutes a false designation of origin, a false or misleading descript of fact or a false or misleading representation of fact which is likely to cause confusion mistake or decent in violation of the Lanham Act, § 43(a), 15 U.S.C. § 1125(a).

34. Defendants' acts, as complained of herein, have caused irreparable injury and damage to Plaintiff, and, unless restrained, will continue to do so.

35. Plaintiff has no adequate remedy at law.

36. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendants' acts alleged herein.

## FOURTH CAUSE OF ACTION
## CALIFORNIA TRADEMARK INFRINGEMENT AND DILUTION

-5-

Complaint

37. Plaintiff incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

38. Defendants' infringement of Plaintiff's registered Trademarks is likely to cause consumer confusion and dilution of Plaintiff's registered Trademarks in violation of California Business and Professions Code §§ 14245 and 14247.

39. Defendants infringed and diluted Plaintiff's registered Trademarks with knowledge and intent to cause confusion, mistake or deception.

40. Defendants' conduct is aggravated by that kind of willfulness, wantonness, malice and conscious indifference to the rights and welfare of Plaintiff for which California law allows the imposition of exemplary damages.

41. Pursuant to California Business and Professions Code §§ 14247 and 14250, Plaintiff is entitled to injunctive relief and damages in the amount of three times Defendants' profits and three times all damages suffered by Plaintiff by reason of Defendants' infringement of Plaintiff's Registered Trademark.

## FIFTH CAUSE OF ACTION
## CALIFORNIA UNFAIR COMPETITION

42. Plaintiff incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

43. Defendants' conduct as alleged in this Complaint constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business and Professions Code § 17200.

44. As a consequence of Defendants' actions, Plaintiff is entitled to injunctive relief and an order that Defendants disgorge all profits derived from the conduct alleged in this Complaint.

## SIXTH CAUSE OF ACTION
## CALIFORNIA FALSE ADVERTISING

45. Plaintiff incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

46. Defendants' conduct as alleged in this Complaint is unlawful within the meaning of California Business and Professions Code § 17500.

47. As a consequence of Defendants' actions, Plaintiff is entitled to injunctive relief and an order that Defendants disgorge all profits derived from the conduct alleged in this Complaint.

## SEVENTH CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

48. Plaintiff incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

49. Defendants, without authorization, have used and are using Plaintiff's registered Copyrights in Defendants' attempt to fraudulently sell their goods and services.

50. Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of, and indifferent to the rights of Plaintiff.

51. As a direct and proximate result of Defendants' infringement of Plaintiff's Copyrights and exclusive rights under the Copyright Act, Defendants are liable for maximum statutory damage pursuant to 17 U.S.C. § 504(c) up to $150,000 for each of the Copyrights infringed, where such infringement took place on or after the effective date of registration of the Copyrights. Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to her actual damages plus Defendants' profits from all infringements occurring on or after the effective date of registration of the Copyrights, as will be proven at trial.

52. Plaintiff is entitled to her actual damages plus Defendants' profits from all infringements occurring prior to the effective date of registration of Plaintiff's Copyrights, as will be proven at trial.

53. Plaintiff is entitled to her costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

54. Defendants' conduct is causing, and unless enjoined by this Court, will continue to cause great and irreparable injury to Plaintiff that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction requiring Defendants to employ reasonable methodologies to prevent or limit infringement of Plaintiff's Copyrights.

Complaint

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

a. Preliminary and permanently enjoin Defendants, as well as the Defendants' officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with Defendants, from use of the registered Trademarks or Copyrights or any other colorable imitation of the registered Trademarks or Copyrights in any advertisement, promotion, offer for sale, or sale of any goods or services;

b. Find Defendants liable for infringement of the registered Trademark and for the acts of unfair competition and trademark dilution;

c. Find Defendants liable for infringement of the registered Copyrights;

d. Order an award to Plaintiff of all actual damages, in the minimum amount of twenty million dollars, and an accounting of any gains, profits, and advantages derived by Defendants resulting from the infringing acts complained of herein;

e. Order an award of three times the amount of Plaintiff's damages;

f. Order disgorgement of Defendants' unlawfully-obtained profits;

g. exemplary and punitive damages;

h. attorney's fees and other litigation costs;

i. costs of court;

j. pre-judgment interest on all damages and/or profits awarded by the Court;

k. such other and further relief to which they may be justly entitled.

LAW OFFICES OF SETH W. WIENER

By: _____
Seth W. Wiener
Attorneys for Plaintiff
MARILYN D. MINTZ

## DEMAND FOR TRIAL BY JURY

Plaintiff Marilyn D. Mintz demands a trial by jury on all claims so triable.

Complaint

Dated:  June 16, 2016

                                  LAW OFFICES OF SETH W. WIENER

                                  By: _____
                                  Seth W. Wiener
                                  Attorney for Plaintiff
                                  MARILYN D. MINTZ

Complaint