IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN D. MINTZ,<br>    Plaintiff,<br>    v.<br>SUBARU OF AMERICA, INC.,<br>    Defendant. | Case No. 16-cv-03384-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br>Re: Dkt. No. 27 |

Before the Court is defendant Subaru of America's ("Subaru") "Motion to Dismiss Plaintiff's Amended Complaint," filed August 23, 2016, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Marilyn D. Mintz ("Mintz") has filed opposition, to which Subaru has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

In her Amended Complaint ("AC"), Mintz alleges eight causes of action arising out of her allegation that "advertisements" Subaru has used to "promote the sale of Subaru's vehicles" (see AC ¶ 15) infringe Mintz's trademarks and copyrights (see AC ¶¶ 14, 17). Subaru argues it is entitled to dismissal of each of the causes of action asserted in the AC, for failure to state a claim.

**A. Claims Based on Trademark Infringement**

The First through Fourth and Seventh Causes of Action are based solely on the theory that Subaru's advertisements infringe Mintz's marks, and the Fifth and Sixth Causes of Action are based in part on said theory. (See AC ¶¶ 17, 20, 23, 34, 38, 43, 48,

---

[1] By order filed September 27, 2016, the Court took the matter under submission.

1  51, 57.) Specifically, Mintz alleges that the subject Subaru advertisements, which
2  include the phrase "Share the Love," infringe her trademark rights in "A World of Love, for
3  You and Those You Love" (see AC ¶¶ 8, 15, 17), and the advertisements' depiction of a
4  human hand with a heart drawn on its palm (see AC ¶ 15) infringes her trademark rights
5  in illustrations of animals, insects, human-like characters, and items of clothing, each of
6  which incorporates hearts in its composition (see AC ¶ 17; Def.'s Mot. at 3:15 - 4:9; Pl.'s
7  Opp. at 1:27-28).[2]

8  To establish trademark infringement, the plaintiff must show "the defendant's use
9  of the same or similar mark [to that of the plaintiff] would create a likelihood of consumer
10 confusion," see Murray v. Cable Nat'l Broadcasting Co., 86 F.3d 858, 860 (9th Cir. 1996),
11 specifically, "that the public is likely to be somehow confused about the source or
12 sponsorship of [the defendant's goods] and somehow to associate that [product] with [the
13 plaintiff]," see Brookfield Communications, Inc. v. West Coast Entertainment Corp., 174
14 F.3d 1036, 1053 (9th Cir. 1999).  "The confusion must be probable, not simply a
15 possibility."  Murray, 86 F.3d at 861.

16 Generally, a determination of whether there exists a likelihood of confusion
17 requires examination of eight different "factors," including the "similarity of the conflicting
18 designations," the "marketing channels used," and "evidence of actual confusion." See
19 Brookfield Communications, 174 F.3d at 1053-54.  Such determination is often made in
20 the context of a motion for summary judgment.  See, e.g., id.  In some instances,
21 however, the question of whether a likelihood of confusion exists can be determined at
22 the pleading stage and based on a consideration of less than all of the factors, such as
23 where the parties "have obviously dissimilar marks," see Le Book Publishing, Inc. v.
24 Black Book Photography, Inc., 418 F. Supp. 2d 305, 311 (S.D. N.Y. 2005), or where the
25 "goods" or "services" of the parties are "unrelated," see Murray, 86 F.3d at 86-61.

---

27  [2]Although Mintz did not include depictions of her marks in the AC, she acknowledges in her opposition that the asserted copies shown in Subaru's motion are
28  accurate depictions thereof.  (See Pl.'s Opp. at 1:27-28.)

2

1    The Court finds the instant case is one in which such a determination can be made
2 at the pleading stage.  First, the phrases here at issue "are entirely dissimilar."  See
3 Marvel Enterprises, Inc. v. NCSoft Corp., 74 U.S.P.Q. 2d 1303, 2005 WL 878090, at *4
4 (C.D. Cal. 2005) (holding, where plaintiff alleged defendant's mark "Statesman" infringed
5 plaintiff's mark "Captain America," a "finding of likely confusion would be unreasonable").
6 Subaru's phrase "Share the Love" is only similar to "A World of Love, for You and Those
7 You Love" in that both marks include the word "Love," a generic term that cannot be
8 registered by Mintz.  See Le Book Publishing, 418 F. Supp. 2d at 311-12 (holding, where
9 marks at issue both included word "book," plaintiff could not base infringement claim on
10 defendant's use of "book" in title of its work, as "'book' is a generic term and cannot be
11 registered as a trademark").  Second, a visual comparison of the depiction of the hand in
12 Subaru's advertisements and the various illustrations in which Mintz asserts a trademark
13 plainly show they are not similar in any manner other than the use of a common symbol
14 capable of almost infinite modification in its design.  Moreover, the parties' marks are
15 used in connection with goods that are "totally unrelated," see Murray, 86 F.3d at 861, as
16 Subaru uses it mark in connection with vehicles (see AC ¶ 13), while Mintz's marks are,
17 according to Mintz, included in "calendars," as well as in other publications, such as
18 "Dolls - The Collectors Magazine," that have been distributed at trade shows, such as
19 "the New York International Toy Fair" (see AC ¶¶ 11-12).  Given all of the above
20 circumstances, there is, as a matter of law, "no likelihood of consumer confusion."  See
21 Murray, 86 F.3d at 861; Le Book Publishing, Inc., 418 F. Supp. 2d at 311-12.
22    Accordingly, the First through Fourth Causes of Action and the Seventh Cause of
23 Action, as well as the Fifth and Sixth Causes of Action to the extent based on a theory of
24 trademark infringement, are subject to dismissal without leave to amend.
25 **B.  Claims Based on Copyright Infringement**
26    The Eighth Cause of Action in its entirety and the Fifth and Sixth Causes of Action
27 in part are based on the theory that Subaru's advertisements infringe Mintz's copyrighted
28 works.  (See AC ¶¶ 17, 20, 48, 51, 60.)

To establish copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." See Rice v. Fox Broadcasting Co., 330 F.3d 1170, 1174 (9th Cir. 2003).  "The latter element may be established by showing that the works in question are substantially similar in their protected elements and that the infringing party had access to the copyrighted work."  Id. (internal quotation and citation omitted).

Subaru argues, inter alia, that its advertisements and Mintz's copyrighted works are not similar.  As set forth below, the Court agrees.

"There is ample authority for holding that when the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss." See Christianson v. West Publishing, Inc., 149 F.2d 202, 203-04 (9th Cir. 1945).  Here, Mintz's copyrighted works and the alleged infringing advertisements are before the Court,[3] and, for the reasons stated above and in Subaru's motion, the Court finds the works at issue are not, as a matter of law, "substantially similar in their protected elements."  See Rice, 330 F.3d at 1174.

Accordingly, the Eighth Cause of Action, as well as the Fifth and Sixth Causes of Action to the extent based on copyright infringement, are subject to dismissal.

## CONCLUSION

For the reasons stated above, Subaru's motion to dismiss is hereby GRANTED, and the Amended Complaint is hereby DISMISSED, without further leave to amend.

**IT IS SO ORDERED.**

Dated:  October 11, 2016

MAXINE M. CHESNEY
United States District Judge

---

[3] Mintz does not allege in the AC, nor argue in her opposition, that the works in which she asserts copyrights differ from the works in which she asserts trademark rights.