FILED

DEC 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARILYN D. MINTZ,

Plaintiff-Appellant,

v.

SUBARU OF AMERICA, INC.,

Defendant-Appellee.

No. 16-16840

D.C. No. 3:16-cv-03384-MMC

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted December 8, 2017**
San Francisco, California

Before: THOMAS, Chief Judge, and LUCERO*** and OWENS, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Marilyn D. Mintz appeals the district court's judgment dismissing her claims against Subaru of America. We affirm. Because the parties are familiar with the history of this case, we do not recount it here.

I

The district court properly dismissed Mintz's trademark infringement claim. To establish trademark infringement under federal law, Mintz must plausibly allege that Subaru's design and phrase are "likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a). "The confusion must be probable, not simply a possibility." *Murray v. Cable Nat'l Broadcasting Co.*, 86 F.3d 858, 860 (9th Cir. 1996) (internal quotation marks omitted). Likelihood of confusion can be determined at the pleading stage where the parties have obviously dissimilar marks. *See id.* at 860-61.

Mintz does not plausibly allege trademark infringement. As the district court observed, the design and phrase used in Subaru's "Share the Love" campaign are obviously dissimilar from Mintz's marks. Subaru's phrase "Share the Love" and Mintz's trademarked phrase "A World of Love, for You and Those You Love" only share the generic word "love," which could not be trademarked on its own and cannot plausibly be the ground for an infringement claim. Subaru's design depicting a hand with a heart on it is plainly not similar to Mintz's "Heart on

Hand" trademark except in the use of a common symbol. Mintz's design includes a hand that is circumscribed by a heart and includes an entire body; Subaru's design includes a hand that radiates blue beams and is not connected to a body. Considered in their entireties, the designs are so facially dissimilar that they cannot plausibly create a likelihood of confusion.

II

For similar reasons, the district court properly dismissed Mintz's trademark dilution claim. To establish trademark dilution, Mintz must plausibly allege that her mark is "famous and distinctive" and that Subaru's "use of the mark is likely to cause dilution by blurring or dilution by tarnishment." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008); *see* 15 U.S.C. § 1125(c)(1). To establish dilution by tarnishment, Mintz must show that Subaru's use of her mark is likely to cause an "association arising from the similarity between a mark or trade name and a famous mark that harms the reputation of the famous mark." 15 U.S.C. § 1125(c)(2)(C). Assuming, *arguendo*, that Mintz plausibly alleged that her marks were famous, she does not plausibly allege dilution by tarnishment. As discussed above, Mintz's marks and Subaru's marks are obviously dissimilar. Mintz cannot plausibly allege that any "association" will arise from a "similarity" between the marks.

III

The district court properly dismissed Mintz's copyright infringement claims. To establish copyright infringement under federal law, Mintz must plausibly allege that Subaru had access to her copyrighted work and that the works at issue are substantially similar in their protected elements. *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002). Mintz does not plead sufficient facts for either element.

Mintz does not plausibly allege that Subaru had access to her copyrighted work. Mintz cites her allegations that her copyrights have been featured and advertised in multiple publications that were sold in stores, sent to the general public, and distributed at festivals and trade shows. Without specific allegations that any Subaru employee viewed any of the publications in which her designs were featured or that the publications were widely disseminated to the general public, Mintz has not plausibly alleged that Subaru had access to her works.

Mintz also does not plausibly allege that the works at issue are "substantially similar." *Id.* As discussed above, Mintz's designs and phrase are obviously dissimilar from Subaru's designs and phrase. Mintz argues that her copyrighted works are not before the court, and that the court thus cannot determine at the pleading stage whether Subaru's works are substantially similar. As the district

court noted, Mintz has had ample opportunity to allege that her copyrighted works differ from the works in which she asserts trademark rights, and she has not done so. While this court is obligated to view allegations in the complaint in the light most favorable to Mintz on a motion to dismiss, the court is not obligated to make "unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

IV

Mintz's remaining claims fail for the same reasons the above claims fail. As Mintz acknowledges, the elements needed to establish federal unfair competition under 15 U.S.C. § 1125(a) are identical to the elements needed to establish trademark infringement under 15 U.S.C. § 1114. Thus, her claim for federal unfair competition fails for the same reason as her federal trademark infringement claim.

As Mintz also acknowledges, her claims for California trademark infringement and dilution under Cal. Bus. & Prof. Code §§ 14245 and 14247 and for California unfair competition under Cal. Bus. & Prof. Code § 17200 are "substantially congruent" with her claims for trademark infringement, dilution, and unfair competition under federal law. *Grupo Gigante S.A. de C.V. v. Dallo & Co.*, 391 F.3d 1088, 1100 (9th Cir. 2004) (citation omitted). Thus, because Mintz does

not plausibly allege these claims under federal law, she also does not plausibly allege her claims under California state law.

Mintz does not plausibly allege false advertising under California law. Because her marks are obviously dissimilar from Subaru's marks, she has not plausibly pled that "members of the public are likely to be deceived." *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citation omitted). Similarly, because of the dissimilarity between the two parties' marks, Mintz cannot plausibly allege that Subaru knowingly made a false representation to the U.S. Patent and Trademark Office, which is a necessary element of her trademark cancellation claim. *Hokto Kinoko Co. v. Concord Farms, Inc.*, 738 F.3d 1085, 1097 (9th Cir. 2013).

**AFFIRMED.**